UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN TAN,<br><br>             Plaintiff,<br><br>v.<br><br>SHEIN DISTRIBUTION CORP., a Delaware corporation, ZOETOP BUSINESS CO., LIMITED, a Hong Kong limited company, and ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore.<br><br>             Defendants. | **CIVIL ACTION NO.: 1:23-cv-08469**<br><br>**COMPLAINT**<br><br>Jury Demand |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff KEVIN TAN, by and through his undersigned counsel, brings this Complaint against Defendants, SHEIN DISTRIBUTION CORP., ZOETOP BUSINESS CO., LIMITED, and ROADGET BUSINESS PTE LTE. (collectively "Defendants" or "Shein"), for damages and injunctive relief, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3. Defendants are subject to personal jurisdiction in New York.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

**PARTIES**

5. Plaintiff KEVIN TAN ("Tan") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Tan's original copyrighted Work of authorship.

6. Tan is an experienced professional artist who makes a living from his artwork. Tan is an artist, director, productor, photographer and videographer from Singapore. He owns a visual production agency named Feel Media. Tan's portfolio includes shooting and editing videos for the Michelin Guide, corporate businesses, music videos, and events. His clients include Garmin, Hitachi, L'oreal, Lifestyle Asia, Michelin Guide Singapore, Microsoft, Warner Music and many more.

7. Defendant ZOETOP BUSINESS CO., LIMITED ("Zoetop") is a Chinese limited Company with its principal place of business in Hong Kong S.A.R. that is doing business within the state of New York.

8. Defendant SHEIN DISTRIBUTION CORP. ("SDC") is a Delaware corporation that is doing business within the State of New York.

9. Defendant ROADGET BUSINESS PTE. LTD. ("Roadget") is a Singapore limited company that is doing business within the state of New York.

10. Defendants do business in the U.S. collectively as "Shein." Shein is known as the largest and fastest growing "fast fashion giant" retailers in the world.

11. At all times relevant herein, Roadget owned and operated the internet website in the U.S. located at the URL www.us.shein.com (the "Website").

12. Shein was founded in 2008 and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends.

13. Shein was incorporated in 2021 in Delaware. Shein has quadrupled its revenue over the past three years reaching $15.7 billion dollars in sales and is seeking a $100 billion dollars in valuation of its company. That is, Defendants profit by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Shein reportedly adds over 1,000 new styles to its website every single day.

## THE COPYRIGHTED WORK AT ISSUE

14. In 2015, Tan created the work known as "Steampunk Bearguy." This work is shown below and referred to herein as the "Work."



15. The Work was registered with the Register of Copyrights on January 17, 2023 and was assigned registration number VA 2-333-217. The Certificate of Registration is attached hereto as **Exhibit 1.**

16. Tan's Work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret.

17. At all relevant times, Tan was the owner of the Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

18. Defendants have never been licensed to use the Work at issue in this action for any purpose.

19. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

20. Plaintiff purchased the accused product from the Website. Defendant Roadget was listed as the shipper of the accused product.

21. Defendants copied the Work without Tan's permission.

22. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its fast fashion business.

23. Defendants copied Tan's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

24. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2.**

25. Tan never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

26. Tan notified Defendants of the allegations set forth herein on January 11, 2023. To date, Defendants have failed to resolve the parties' dispute.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Tan incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth therein.

28. Tan owns a valid copyright in the Work at issue in this case.

29. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

30. Defendants performed the acts alleged in the course and scope of its business activities.

31. Defendants' acts were willful.

32. Tan has been damaged.

33. The harm caused to Tan has been irreparable.

WHEREFORE, the Plaintiff Kevin Tan prays for judgment against the Defendants that:

a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff her actual damages and Shein's profits attributable to the infringement;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: September 26, 2023                    Respectfully submitted,

                                             */s/ Joel B. Rothman*

JOEL B. ROTHMAN
NY Bar Number: 2459576
Joel@sriplaw.com
RACHEL I. KAMINETZKY
NY Bar Number: 6030647
Rachel.kaminetzky@sriplaw.com

**SRIPLAW, P.A.**
175 Pearl St.
3rd Floor
Brooklyn, NY 11201
646.517.3609 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Kevin Tan*