UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
                                                :
KEVIN TAN,                                      :
                                                :
                              Plaintiff,        :          23 Civ. 8469 (LGS)
              -against-                         :
                                                :          OPINION & ORDER
SHEIN DISTRIBUTION CORP., et al.,               :
                                                :
                              Defendants.       :
-------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Defendant Shein Distribution Corp.[1] moves to transfer venue to the Southern District of

Florida.  For the reasons below, the motion is granted.

I.      BACKGROUND

Plaintiff Kevin Tan is an artist who lives in Singapore.  Defendant is a fast-fashion

retailer, incorporated in Delaware and residing in California.  The Complaint alleges that

Defendant unlawfully infringed Plaintiff's copyrighted work, a sculpture called "Steampunk

Bearguy," by copying and distributing the work on clothing sold by Defendant.

Plaintiff's counsel has filed at least five lawsuits against Defendant in the Southern

District of Florida, each alleging copyright infringement on behalf of artists or, in one case, a

print artwork company.  Those lawsuits were consolidated before the Honorable Rodolfo A.

Ruiz II (the "Florida Litigation").  Discovery in that litigation has revealed that the plaintiffs'

engagement agreements with Plaintiff's counsel were not signed by the plaintiffs, but by Daniel

Lachman on behalf of his company, Sharp Shirter.  Sharp Shirter is a so-called "infringement

agent" for the Florida Litigation plaintiffs.  Sharp Shirter is also acting as Plaintiff's infringement

---

[1] The Complaint named two additional corporate Defendants, both of whom in December 2023
were voluntarily dismissed.

agent here.  The infringement agent agreements between the plaintiffs and Sharp Shirter purport to give Sharp Shirter the right to initiate litigation and settle claims on behalf of the plaintiffs. Through briefing in the Florida Litigation, Defendant has raised concerns about this relationship's impact on issues such as standing, discovery and settlement.

Judge Ruiz ordered the parties in the Florida Litigation to participate in mediation.  In August 2023, at the mediation, Plaintiff's counsel represented not only the plaintiffs in the active Florida Litigation cases,[2] but also twenty claimants -- including Plaintiff here -- who (through counsel) had sent cease and desist letters to Defendant but not yet sued.  Also in August 2023, the parties in the Florida Litigation participated in a hearing to address discovery disputes, centered mainly around whether the mostly overseas plaintiffs would be required to give in-person depositions in the United States.  Magistrate Judge Jacqueline Becerra ordered that the plaintiffs be deposed in person.  On September 26, 2023, Plaintiff filed the Complaint here.  In December 2023, the parties in the Florida Litigation briefed the issue of whether communications involving Mr. Lachman are privileged, which is currently pending.  Discovery is ongoing with some plaintiffs' depositions being arranged.  Trial is currently scheduled to begin in April 2024.

## II.  STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[2] In April 2023, Judge Ruiz approved the offer of judgment filed jointly by the parties in Case No. 23 Civ. 20433 (S.D. Fla.).  The parties in Case No. 23 Civ. 20417 (S.D. Fla.) filed a joint notice of settlement in July 2023, and the plaintiff voluntarily dismissed her case in November 2023.  Three of the five cases now remain in the Florida Litigation.

consented."  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *accord Mitchell v. Annucci*, No. 21-2978, 2023 WL 8073106, at *2 (2d Cir. Nov. 21, 2023) (summary order).[3] "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *accord Mitchell*, 2023 WL 8073106, at *2.  Other factors courts in this District have considered include "the forum's familiarity with the governing law" and "trial efficiency and the interest of justice, based on the totality of the circumstances."  *Reyes v. Div. of State Police*, No. 23 Civ. 2284, 2023 WL 8097163, at *2 (S.D.N.Y. Nov. 21, 2023).  "[T]he party requesting transfer carries the burden of making out a strong case for transfer."  *Lafarge*, 599 F.3d at 114.

## III.   DISCUSSION

The parties do not dispute that this action "might have been brought" in the Southern District of Florida.  *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1400 ("Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or

---

[3] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

may be found.").  Weighing the factors listed above, Defendant's motion is granted, and this

action is transferred to the Southern District of Florida.

> ### A.  Plaintiff's Choice of Forum

"Plaintiff's choice of forum is ordinarily 'a decision that is given great weight.'"

*Johnson v. Costco Wholesale Corp.*, No. 20 Civ. 2169, 2021 WL 3128236, at *4 (S.D.N.Y. July

23, 2021) (quoting *D.H. Blair & Co.*, 462 F.3d at 107).  "However, a plaintiff's choice of forum

is accorded substantially less deference when the forum is neither the plaintiff's home nor the

place where the operative facts of the action occurred."  *Reyes*, 2023 WL 8097163, at *5.  Here,

because Plaintiff is not a resident of the Southern District of New York, and because, as

discussed below, the operative facts have only a tenuous connection to New York, the fact that

Plaintiff chose to file this action here is given relatively little weight.

> ### B.  Convenience of Parties and Witnesses and Ability to Compel Witnesses

The convenience of the parties and witnesses weigh slightly in favor of transfer.

Plaintiff's primary witnesses will likely be Plaintiff himself, who resides in Singapore, and

Daniel Lachman, believed to reside in the Southern District of Florida where his company, Sharp

Shirter, is located.  Key witnesses who can testify about the alleged infringement are located in

China.  As other similar infringement actions against Defendant have already been consolidated

in the Florida Litigation, the convenience of the parties and witnesses weigh in favor of transfer

because their appearance can be coordinated there.  Plaintiff will have to travel in any event,

whether to New York or Florida.  His argument that New York is an international transportation

hub is unavailing, as Miami is also one.

In addition, since Sharp Shirter is located in the Southern District of Florida and the other

witnesses are located overseas, the district court there has subpoena power over more of the

witnesses than this Court does.  *See* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a

person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

### C.      Location of Relevant Documents and Relative Ease of Access

Transfer is appropriate when it would facilitate access to relevant documents.  As both parties acknowledge, this factor is neutral "in today's world of faxing, scanning, and e-mailing documents."  *See Reyes*, 2023 WL 8097163, at *4.  Indeed, counsel in the Florida Litigation have thus far been exchanging documents exclusively through email.

### D.      Locus of Operative Facts

"In a copyright infringement case, the operative facts . . . usually relate to the design, development, and production of an infringing product."  *Mohamed v. Tesfaye*, No. 18 Civ. 8469, 2019 WL 1460401, at *5 (S.D.N.Y. Jan. 24, 2019).  The facts alleged here point mostly to Asia as the locus of operative facts, where the allegedly infringing products were manufactured, or California, where Defendant resides.  Defendant sells its products throughout the United States. New York's only connection to the case appears to be the sale of some of Defendant's allegedly infringing products here.  While Defendant made sales in this District, "that consideration is accorded substantially diminished weight in light of Defendants' submission that its sales were nationwide."  *See Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87, 2021 WL 2688722, at *8 (S.D.N.Y. June 30, 2021).  Even the sample purchase made by Plaintiff's counsel to support the cease-and-desist letter was delivered to Boca Raton, which is located in the Southern District of Florida.  Defendant argues that "[t]he claimed 1,500 sales into the state of New York is not meaningfully different than the almost 1,400 sales into the state of Florida (or almost 1,000 to California or Texas)."  Several courts in this District have found that, where "there are roughly equivalent sales of an allegedly infringing product in multiple districts, each

such district has a roughly equivalent claim to being the locus of operative facts." *Lokai Holdings, LLC v. Sundberg*, No. 21 Civ. 4466, 2021 WL 5450314, at *3 (S.D.N.Y. Nov. 22, 2021) (collecting cases).  As between venue in Florida or New York, this factor is neutral.

### E.    Relative Means

When "there is a disparity between the parties, . . . [as] when an individual sues a large corporation, the relative means of the parties may be considered." *Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879, 2021 WL 1687378, at *10 (S.D.N.Y. Apr. 29, 2021).  Here, although such a disparity exists, Plaintiff has not shown that his litigating in New York would be less expensive or less burdensome than litigating in Florida.  *See Penrose v. New York Life Ins. Co.*, No. 22 Civ. 2184, 2023 WL 6198249, at *6 (S.D.N.Y. Sept. 22, 2023) ("Typically, a party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances, which no party has done.").  This factor is neutral.

### F.    Forum's Familiarity with Governing Law

"Familiarity with the governing law as a factor in determining transfer of venue is generally given little weight in federal courts." *Johnson*, 2021 WL 3128236, at *4.  Here, where the Complaint alleges federal copyright infringement, "all federal courts are presumed to be fully capable of applying nationally applicable legal principles." *See Reyes*, 2023 WL 8097163, at *5. This factor is neutral.

### G.    Trial Efficiency and Interest of Justice

Judicial economy and the interest of justice weigh strongly in favor of transfer. Defendant plans to raise similar issues concerning Sharp Shirter's role as an infringement agent in this case as it has in the Florida Litigation.  Contrary to Plaintiff's arguments, these issues are

not irrelevant to this motion to transfer; they impact the merits, discovery and any potential settlement of this case.  For example, Defendant identifies concerns regarding standing to sue, real parties in interest, privilege, deposition locations and settlement authority.  Some of these issues have not yet been presented for resolution, some are *sub judice*, and the deposition location issue has been decided.  Plaintiff has participated in one global mediation session with the Florida litigants and may participate in more.  Thus, transfer would promote judicial economy and minimize the risk of potentially inconsistent rulings on issues like privilege where inconsistent rulings would be especially problematic.  *See In re Seroquel XR (Extended Release Quetiapine Fumarate) Litig.*, No. 19 Civ. 8296, 2020 WL 5587416, at *5 (S.D.N.Y. Aug. 12, 2020) ("In the Second Circuit, there is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."); *Lapa v. Massage Envy Franchising, LLC*, No. 18 Civ. 7403, 2019 WL 2004072, at *2 (S.D.N.Y. May 7, 2019) (the factor of judicial economy "alone may be determinative").

### H.    Weighing the Factors

Given the strength of the last factor, transfer to the Southern District of Florida is appropriate.  Four of the nine factors are neutral: the location of relevant documents and relative ease of access, the locus of operative facts, the parties' relative means and the forum's familiarity with the governing law.  One factor, the plaintiff's choice of forum, weighs slightly against transfer, while four factors -- the convenience of parties, the convenience of witnesses, the ability to compel witnesses, and trial efficiency and the interest of justice -- weigh in favor of transfer. What ties Plaintiff's case to the Florida Litigation is the same purported plaintiff's representative,

Sharp Shirter, and the same plaintiff's counsel, SRIPLAW.  Transfer is particularly warranted because their involvement raises critical issues that are common to all of the cases, unlike multiple different copyright cases against the same defendant, each involving the plaintiffs' respective works.  Plaintiff's voluntary participation in the August 2023 global mediation suggests Plaintiff himself recognizes the benefit of addressing his claim in the same forum as the Florida Litigation plaintiffs.

## IV.    CONCLUSION

Based on the totality of the circumstances and having evaluated each of the relevant factors, Defendant's motion to transfer this action is **GRANTED**.  The Clerk of Court is respectfully directed to close the motion at Dkt. 27 and transfer this case to the U.S. District Court for the Southern District of Florida.

Dated: January 16, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE
